**Frederick Lee JACKSON, Plaintiff—Appellant,**

v.

**Michael BARNES; et al., Defendants—Appellees.**

No. 06–55020.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 13, 2008.

Frederick Lee Jackson, CSPI–California State Prison Ironwood, Blythe, CA, for Plaintiff–Appellant.

Alan E. Wisotsky, Esq., Jeffrey B. Held, Esq., Law Offices of Alan E. Wisotsky, Oxnard, CA, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Frederick Lee Jackson, a California state prisoner, appeals pro se from an order staying his 42 U.S.C. § 1983 action pursuant to *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("*Colorado River*"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether the requirements for abstention have been met, and if they have been met, we review for abuse of discretion the district court's decision to abstain. *Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d 290, 294 (9th Cir.1996). We vacate and remand.

Jackson alleged the defendants violated the Fifth Amendment by using his un-*Mirandized* statement against him to obtain a conviction, a conviction this court overturned on habeas review. The magistrate judge stayed the action pursuant to *Colorado River* on the ground that if Jackson were convicted on retrial without the un-*Mirandized* statement, it would "sharply undercut" the causation and damages elements of his section 1983 claim.

A Fifth Amendment violation occurs when an un-*Mirandized* statement is used against the speaker of the statement in a criminal trial, not when the speaker is convicted because of that statement. *See*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Chavez v. Martinez*, 538 U.S. 760, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003); *see also U.S. v. Antelope*, 395 F.3d 1128, 1140–41 (9th Cir.2005) (noting that a plurality of six justices agreed with this rule in *Chavez*). Therefore, the outcome of the state criminal trial has no bearing on the causation element of Jackson's claim. The possible impact of the state criminal trial on the damages element of Foster's section 1983 claim does not constitute "exceptional circumstances" warranting a stay under *Colorado River*. *See Green v. City of Tucson*, 255 F.3d 1086, 1097 (9th Cir.2001) (en banc) *overruled in part on other grounds by Gilbertson v. Albright*, 381 F.3d 965, 976–78 (9th Cir.2004) (en banc). Accordingly, we vacate the district court's stay order and remand for further proceedings.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**